RE: INFORMAL OPINION REGARDING DUAL OFFICE HOLDING
THIS OFFICE HAS RECEIVED YOUR REQUEST FOR AN OPINION ADDRESSING THE FOLLOWING QUESTION:
 IS THE POSITION OF MUNICIPAL ATTORNEY AN "OFFICE" SUCH THAT THE PROVISIONS OF 51 O.S. 6 (1990) APPLY?
A FORMAL OPINION DOES NOT APPEAR NECESSARY AS AN ANSWER TO THIS QUESTION IS CONTROLLED BY CLEAR STATUTORY AND CASE LAW, AS WELL AS PRIOR OPINIONS OF THIS OFFICE.
ONE WELL ESTABLISHED TEST FOR WHETHER A POSITION IS AN "OFFICE," TRIGGERING THE APPLICATION OF THE DUAL OFFICE HOLDING PROHIBITION IS THAT A "PUBLIC OFFICE" IS A RIGHT, AUTHORITY AND DUTY CREATED AND CONFERRED BY LAW, BY WHICH FOR A GIVEN PERIOD, EITHER FIXED BY LAW OR ENDURING AT THE PLEASURE OF THE CREATING POWER, AN INDIVIDUAL IS INVESTED WITH SOME PORTION OF THE SOVEREIGN FUNCTIONS OF THE GOVERNMENT. THE OKLAHOMA SUPREME COURT HAS STATED:
 "MANY AUTHORITIES HOLD THAT THE CHIEF ELEMENTS OF A PUBLIC OFFICE ARE: (A) THE SPECIFIC POSITION MUST BE CREATED OR AUTHORIZED BY LAW; (B) THERE MUST BE CERTAIN DEFINITE DUTIES IMPOSED BY LAW ON THE INCUMBENT; AND (C) THEY MUST INVOLVE THE EXERCISE OF SOME PORTION OF THE SOVEREIGN POWER, A POSITION WHICH HAS THESE THREE ELEMENTS IS PRESUMABLY AN 'OFFICE,' WHILE ONE WHICH LACKS ANY OF THEM IS MERE 'EMPLOYMENT.'
OKLAHOMA CITY V. CENTURY INDEMNITY CO., 62 P.2D 94 (OKLA. 1936).
IN OKLAHOMA THERE ARE AT LEAST FIVE FORMS OF MUNICIPAL GOVERNMENT CREATED BY TITLE 11 OKLAHOMA STATUTES, INCLUDING THE ALDERMANIC FORM (CREATED BY SECTION 11 O.S. 9-101 ET SEQ.), COUNCIL-MAYOR (CREATED BY SECTION 10-101 ET SEQ.), STRONG MAYOR-COUNCIL (CREATED BY SECTION 11 O.S. 11-101 ET SEQ.), TOWN BOARD OF TRUSTEES (CREATED BY SECTION 11 O.S. 12-101 ET SEQ.), AND THE MUNICIPAL CHARTER FORM OF GOVERNMENT (CREATED BY 11 O.S. 13-101 ET SEQ.)
THE QUESTION YOU POSE HAS BEEN CONSIDERED BY THE OFFICE OF ATTORNEY GENERAL SEVERAL TIMES BEFORE. THIS OFFICE HAS CONSISTENTLY HELD THAT THE POSITION OF MUNICIPAL ATTORNEY IS AN OFFICER WITHIN THE PROVISIONS OF 51 O.S. 6 (1990). I HAVE ENCLOSED COPIES OF THREE OLDER OPINIONS WHICH I BELIEVE WILL BE OF HELP TO YOU IN THIS MATTER. ACCORDING TO MY RESEARCH, THE LEGAL BASES FOR THESE OPINIONS HAVE NOT BEEN OVERRULED, AND THE OPINIONS CONTAIN THE APPLICABLE LAW IN OKLAHOMA.
AS EARLY AS IN AN OPINION DATED MAY 18, 1949, IT WAS CONCLUDED THAT A CITY ATTORNEY WAS AN OFFICER AND WAS SUBJECT TO THE PROVISIONS OF 51 O.S. SECTION 6[51-6]. THAT CONCLUSION WAS PARTLY BASED UPON THE REASONING THAT IF THE POSITION OF CITY ATTORNEY EXISTED IN ANY CITY, SO THAT A PERSON COULD LEGALLY BE PAID COMPENSATION FOR SERVING AS CITY ATTORNEY, IT WAS BY REASON OF EITHER 11 O.S. 632 (1941) OR BY REASON OF A CITY ORDINANCE CREATING THE POSITION UNDER AUTHORITY OF 11 O.S. 631 (1941) WHICH ALLOWED THE MAYOR TO APPOINT SUCH OTHER OFFICERS AS THE MAYOR AND COUNCIL DEEMED NECESSARY.
ADDITIONALLY, THIS 1949 OPINION DISTINGUISHED BETWEEN WHERE THE MUNICIPAL ATTORNEY SERVED AS THE GENERAL ATTORNEY FOR THE CITY, AND WHERE THE ATTORNEY WAS SPECIALLY EMPLOYED FOR A PARTICULAR MATTER. THUS, THIS OPINION LEADS ONE TO BELIEVE THAT A MUNICIPAL ATTORNEY ONLY SPECIALLY EMPLOYED FOR A PARTICULAR MATTER WOULD NOT BE AN OFFICER FOR PURPOSES OF THE DUAL OFFICE HOLDING STATUTE.
IN OPINION 64-344, THE ATTORNEY GENERAL CONSIDERED AGAIN WHETHER A MUNICIPAL ATTORNEY WAS AN OFFICER. THAT OPINION FOUND THAT THE POSITION OF CITY ATTORNEY WAS CREATED FOR EACH OF THE FORMS OF GOVERNMENT, AND THAT ALTHOUGH THERE DID NOT APPEAR TO BE A STATUTE AUTHORIZING THE APPOINTMENT OF A CITY ATTORNEY, THERE WERE STATUTORY REFERENCES TO THE POSITION, NOTING 11 O.S. 541G. THE OPINION REACHED THE CONCLUSION THAT A MUNICIPAL ATTORNEY WAS AN "OFFICER", RELYING ON THE FACT THAT THE CITY ATTORNEY GENERALLY ADVISES MUNICIPAL OFFICERS, PROSECUTES THE CIVIL AND CRIMINAL ACTIONS OF THE MUNICIPALITY, AND PERFORMS OTHER DUTIES SPECIFICALLY DELEGATED TO HIM BY STATUTE.
IN OPINION 67-174, THE ATTORNEY GENERAL REASONED THAT A MUNICIPAL ATTORNEY WAS AN "OFFICER" BECAUSE OF PROVISIONS WITHIN 11 O.S. 632 (1961). THAT STATUTE PROVIDED THAT THE MAYOR APPOINT ONE CITY ATTORNEY AND OTHER CITY OFFICERS, "WHO SHALL HOLD SAID RESPECTIVE OFFICES DURING THE TERM FOR WHICH THE MAYOR SHALL HAVE BEEN ELECTED." THE ATTORNEY GENERAL ALSO REASONED THAT THE CITY ATTORNEY WAS AN OFFICER BECAUSE, STATUTORILY, HE WAS THE HEAD OF THE DEPARTMENT OF LAW WITHIN THE CITY, AND HIS DUTIES AS SUCH PROBABLY WERE SET OUT IN THE CHARTERS AND ORDINANCES OF THE PARTICULAR CITY. ADDITIONALLY, THE OPINION CITED STATUTORY AUTHORITY WHERE THE CITY ATTORNEY WAS AUTHORIZED TO PROSECUTE OR DEFEND LEGAL ACTIONS IN THE NAME OF THE PEOPLE, WAS REQUIRED TO APPROVE COMPLAINTS FOR VIOLATION OF CITY ORDINANCES FOR COMPLAINTS TO BE PROSECUTED, AND SERVED AS THE CITY'S LEGAL ADVISOR, APPEARING AT THEIR MEETINGS AND REPRESENTING THE CITY IN LAWSUITS BROUGHT BY OR AGAINST THE BOARD OF TRUSTEES.
THUS, WE MUST CONCLUDE THAT THE POSITION OF MUNICIPAL ATTORNEY WHERE THIS INDIVIDUAL SERVES IN CONTINUOUS EMPLOYMENT AS GENERAL ATTORNEY FOR THE CITY, AS DISTINGUISHED FROM SPECIAL EMPLOYMENT IN A PARTICULAR MATTER, IS AN OFFICE WITHIN THE MEANING OF 51 O.S. 6 (1990), AND IS COVERED BY THE GENERAL DUAL OFFICE HOLDING PROVISION.
YOU ALSO INQUIRED WHETHER A PERSON MAY HOLD THE POSITION OF CITY ATTORNEY FOR MORE THAN ONE MUNICIPALITY, OR ALSO SERVE AS A MUNICIPAL ATTORNEY AND SCHOOL BOARD MEMBER WITHOUT VIOLATING THE PROHIBITION AGAINST DUAL OFFICE HOLDING.
ASSUMING THAT THE CITY ATTORNEY IS ONE THAT IS IN CONTINUOUS EMPLOYMENT, SUCH AN ATTORNEY IS AN "OFFICER" WITHIN THE MEANING OF THE STATUTE. SECTION 6 OF TITLE 51 WOULD PROHIBIT A PERSON FROM SERVING AS MUNICIPAL ATTORNEY FOR MORE THAN ONE CITY, AND FROM SERVING AS A MUNICIPAL ATTORNEY AND A SCHOOL BOARD MEMBER, UNLESS AN EXCEPTION IS FOUND FROM THIS GENERAL PROHIBITION. NONE OF THE EXCEPTIONS CONTAINED WITHIN 51 O.S. 6 SECTION 6 CONTAIN AN EXCEPTION APPLICABLE TO THE INSTANT QUESTIONS. NO OTHER STATUTORY EXCEPTION WAS FOUND WHICH WILL ALLOW A MUNICIPAL ATTORNEY TO SERVE FOR MORE THAN ONE CITY, NOR TO SERVE AS A SCHOOL BOARD MEMBER WHILE SERVING AS MUNICIPAL ATTORNEY.
(GLEN D. HAMMONS)